### IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

In re:

JEFFREY J. PROSSER,

        Debtor.

_____/

JAMES P. CARROLL, Chapter 7 Trustee of
the Estate of Jeffrey J. Prosser,

        Plaintiff/Appellee,

v.

DAWN PROSSER,

        Dawn Prosser/Appellant.

_____/

D.C. APP. CIVIL NO. 10-59

Bankruptcy No. 06-30009
Chapter 7

Adv. Pro. No. 10-3002

### APPELLEE CHAPTER 7 TRUSTEE'S BRIEF ON APPEAL

Samuel H. Israel
Fox Rothschild LLP
2000 Market Street, 20th Floor
Telephone: (215) 299-2000
Facsimile: (215) 299-2150
Email: sisrael@foxrothschild.com

and

Bernard C. Pattie
Law Offices of Bernard C. Pattie, P.C.
1244 Queen Cross Street, Suite 5
Christiansted, U.S. Virgin Islands 00820
Telephone: (340) 692-7717
Facsimile: (340) 692-7719
Email: boinie@compuserve.com
      paralegal.bcppc@vipowernet.net

Attorneys for James P. Carroll, Chapter 7 Trustee of
the Estate of Jeffrey J. Prosser

**TABLE OF CONTENTS**

**Page**

I.    Summary of Argument ................................................................................... 1

II.   Relevant Procedural Background ................................................................... 2

     A.    The Bankruptcy Case ............................................................................ 2

     B.    The Palm Beach Property and Exemptions ......................................... 3

     C.    Litigation to Recover Palm Beach Property as a Fraudulent Conveyance ........... 5

     D.    The Underlying Adversary Proceeding ................................................. 6

III.  Argument ...................................................................................................... 7

     A.    Trustee Carroll Can Sell the Palm Beach Property Free and Clear of Defendant's Interest Pursuant to 11 U.S.C. § 363(h); The Entireties Exemption Was Properly Denied and Summary Judgment Was Appropriate ..... 8

     B.    The Bankruptcy Court Correctly Found That Partition of the Palm Beach Property Among the Estate and Defendant is Impracticable – 11 U.S.C. § 363(h)(1) ............................................................... 11

     C.    The Bankruptcy Court Correctly Found That the Sale of the Estate's Undivided Interest in the Palm Beach Property Would Realize Significantly Less Than the Sale Free and Clear of the Defendant's Interest – 11 U.S.C. § 363(h)(2) ............................................................... 11

     D.    Dawn Prosser Mischaracterizes the Relief the Bankruptcy Court Awarded ...... 12

     E.    Dawn Prosser's Reliance On Marathon is Misplaced ........................ 13

IV.   Dawn Prosser's "Necessary Party" Argument Misses the Mark ................... 13

V.    Conclusion ................................................................................................... 14

i

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

Bakst v. Griffin (In re Griffin),
 123 B.R. 933 (Bankr. S.D.Fla. 1991) ........................................................................ 16, 17

Baumgart v. Fairchild Aircraft Corp.,
 981 F.2d 824 (5th Cir. 1993) .......................................................................................... 18

Beal Bank v. Almand and Assoc.,
 780 So. 2d 45 (Fla. 2001) ............................................................................................... 15

Brown v. Phillips (In re Phillips),
 379 B.R. 765 (Bankr. N.D.Ill. 2007) ....................................................................... 14, 17

Geddes v. Livingston (In re Livingston),
 804 F.2d 1219 (11th Cir. 1986) ...................................................................................... 14

Grant v. Himmelstein (In re Himmelstein),
 203 B.R. 1009 (Bankr. M.D. Fla. 1996) ......................................................................... 14

Havoco of America, Ltd. v. Hill,
 197 F.3d 1135 (11th Cir. 1999) ...................................................................................... 16

In re Amici,
 99 B.R. 100 (Bankr. M.D. Fla. 1989) ............................................................................. 15

In re Kimmel,
 131 B.R. 223 (Bankr. S.D. Fla. 1991) ............................................................................ 15

In re Monzon,
 214 B.R. 38 (Bankr. S.D. Fla. 1997) .............................................................................. 15

In re Schwartz,
 362 B.R. 532 (Bankr. S.D. Fla. 2007) ............................................................................ 15

Kosto v. Lausch (In re Lausch),
 16 Bankr. 162, 165 (M.D. Fla. 1981) ............................................................................. 14

Maxwell v. Barounis (In re Swiontek),
 376 B.R. 851 (Bankr. N.D.Ill. 2007) .............................................................................. 17

Morris v. Ivey (In re Ivey),
 10 B.R. 230 (Bankr. N.D.Ga. 1981) ............................................................................... 16

Neylon v. Addario (In re Addario),
    53 B.R. 335 (Bankr. D. Mass.) ..................................................................................16

Northern Pipeline Const. Co. v. Marathon Pipe Line Co.,
    458 U.S. 50 (1982) ....................................................................................................18

Thomas J. Konrad & Assoc., Inc. v. McCoy,
    705 So.2d 948 (Fla,Dist.Ct.App. 1998).....................................................................16

Valdivia v. Valdivia,
    593 So.2d 1190 (Fla.Dist.Ct.App. 1992).....................................................................16


STATUTES

11 U.S.C. § 363(i)...........................................................................................................6, 11

11 U.S.C. § 363(h)................................................................... 6, 11, 12, 13, 14, 15, 17, 18

11 U.S.C. § 363(h)(1) .........................................................................................................16

11 U.S.C. § 363(h)(2) ...................................................................................................16, 17

11 U.S.C. § 363(h)(3) .........................................................................................................17

11 U.S.C. § 363(h)(4) .........................................................................................................17

11 U.S.C. § 522(b)..................................................................................................10, 13, 14

11 U.S.C. § 541 ..............................................................................................................13, 14

28 U.S.C. § 157(b)(2)(N) ...................................................................................................18

I.      **Summary of Argument**

This appeal is the latest effort by Defendant-Appellant Dawn Prosser to prolong her use of luxury property that does not belong to her.  In November 2009, the Bankruptcy Court entered an order denying Jeffrey J. Prosser's (the "Debtor") claim that his interest in luxury property in Palm Beach, Florida was exempt.  Accordingly, James P. Carroll ("Trustee Carroll"), the chapter 7 Trustee for the Debtor's estate, must now liquidate the property in fulfillment of his duties under the Bankruptcy Code.

Trustee Carroll brought the underlying adversary action under 11 U.S.C. § 363(h) and Bankruptcy Rule 7001(3), in order to obtain a judgment against Dawn Prosser on an expedited basis authorizing Trustee Carroll to sell Dawn Prosser's interest, if any, in the property along with the Debtor's, subject to Dawn Prosser's right of first refusal under 11 U.S.C. § 363(i).  The Bankruptcy Court partially granted that relief on a summary basis, in that the Bankruptcy Court allowed Trustee Carroll to market the property and seek a bidder, but not to proceed to sale without further relief from the Bankruptcy Court.

Rather than acknowledge this fact, Dawn Prosser seeks to address issues outside of the orders from which she appeals, such as:  (i) the integrity of the Bankruptcy Court's Exemptions Order, and matters that will not be ripe until the hearing on Trustee Carroll's future motion to actually sell the Palm Beach Property; (ii) the Debtor's disallowed exemption with respect to the Palm Beach Property; and (iii) the integrity of the nature of the Prossers' title to the Palm Beach Property as "tenants by the entirety", the source of the Prossers' claimed exemption, has already been challenged by the Bankruptcy Court's Report and Recommendation concluding that the property was fraudulently conveyed to the Prossers.  Further, even if the Bankruptcy Court erred in disallowing Debtor's exemptions and  recommending a finding of fraudulent transfer of the

Palm Beach property, the property could still be liquidated under Florida law to satisfy joint creditors.

For these reasons and those detailed below, the appeal should be denied and the Bankruptcy Court affirmed.

## II.    Relevant Procedural Background

### A.    The Bankruptcy Case

On February 10, 2006 (the "Petition Date"), Greenlight Capital Qualified, L.P., Greenlight Capital, L.P., and Greenlight Capital Offshore, L.P. (collectively, the "Greenlight Entities"), filed involuntary bankruptcy petitions against the Debtor, Emerging Communications, Inc. ("EmCom") and Innovative Communication Company, LLC ("ICC-LLC") under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.[1] DE 1, Complaint, ¶9.

On July 31, 2006, the Debtor, EmCom and ICC-LLC each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Division of the United States District Court for the United States Virgin Islands (the "Court").  Thereafter, the Court determined that it was the proper venue for the Debtor, EmCom and ICC-LLC's cases.  DE 1, Complaint, ¶10.

On February 13, 2007, the Court entered a Memorandum Opinion and accompanying orders ordering the appointment of a chapter 11 trustee in the EmCom and ICC-LLC cases [06-30009 DE 371 & 372; EmCom/ICC-LLC DE 430].  Stan Springel ( "Trustee Springel"), was appointed chapter 11 trustee of the EmCom and ICC-LLC estates.  DE 1, Complaint, ¶11.

---

[1]   EmCom and ICC-LLC's estates are being jointly administered under the caption In re Innovative Comm. Co., LLC, Case No. 06-30008 (D.V.I. Bank. Div) (Fitzgerald, B.J.).

On October 3, 2007, the Court entered an order (the "Conversion Order"), converting the Debtor's case from chapter 11 to chapter 7 [06-30009 DE 865], and John Ellis was appointed interim chapter 7 trustee of the Debtor's estate. On October 31, 2007, Mr. Ellis resigned as trustee and James P. Carroll was appointed successor trustee. Mr. Carroll has since qualified and is currently serving as permanent trustee in the Debtor's case. DE 1, Complaint, ¶12.

On July 5, 2007, the Greenlight Entities filed an involuntary petition against Innovative Communication Corporation ("New ICC", (together with EmCom and ICC-LLC, the "Corporate Debtors"))[2]. An order for relief was entered against New ICC on September 21, 2007 [07-30012 DE 60], and Trustee Springel was subsequently appointed chapter 11 trustee of the New ICC estate. DE 1, Complaint, ¶13.

### B.    The Palm Beach Property and Exemptions

At the time of filing this bankruptcy case, the Debtor owned a number of pieces of luxury real estate together with Dawn Prosser, his non-debtor spouse, including a primary residence in St. Croix, and additional luxury estates in Palm Beach, Florida (the "Palm Beach Property"), and Lake Placid, New York.

The Palm Beach Property is a luxury home located in the prestigious "estate section" of Palm Beach, approximately one-half mile south of Worth Avenue, the internationally famous high-end retail shopping street, and one block south of the Everglades Golf Course. The property is worth in excess of $7.5 million. The Debtor and Mrs. Prosser (collectively, the "Prossers") acquired title to the Palm Beach Property from New ICC on April 10, 2000. DE 1, Complaint, ¶16.

---

[2] New ICC's case is pending before the Bankrutpcy Court under case no. 07-30012 (Fitzgerald, B.J.).

For at least two years, the Debtor and Dawn Prosser have enjoyed the property without paying monthly mortgage payments of approximately $27,559.28, annual taxes of approximately $125,000, or the costs of insuring the property.   The value of the Palm Beach Property to the estate is rapidly diminishing with each day that the Debtor and Dawn Prosser are permitted to use it for free.

The Prossers have occupied the Palm Beach Property since on or around December 14, 1999 when New ICC acquired title.  They continue to occupy the house along with another luxury estate in St. Croix, which Debtor has maintained is his homestead and primary residence. DE 1, Complaint, ¶17.

After acquiring title, the Prossers jointly pledged the Palm Beach Property as collateral for a loan from Bank of America ("BOA").  BOA asserts that it is currently owed approximately $4,813,355.16 in outstanding principal balance and approximately $616,481.79 in accrued interest plus all other amounts provided for in the loan documents.   Both of the Prossers are jointly and severally responsible for the repayment of the loan from BOA.  DE 1, Complaint, ¶18.

Despite being in bankruptcy since 2006, the Prossers have continued to enjoy the Palm Beach Property rent-free (in addition to their St. Croix property) for at least two years.  In that time, they have not made any payments on the BOA mortgage, for insurance on the property, for property taxes, or for use and occupancy charges to the estate. DE 1, Complaint, ¶19.

The estate is suffering as a result of the continued accrual of these costs against the Palm Beach Property while the Prossers live there for free.  The Trustee estimates that the damages incurred are approximately $41,500 for each month that the property is not liquidated, which

4

includes approximately $10,000 for taxes, $10,000 for insurance, and $21,500 in interest and penalties due BOA on its loan and mortgage.   DE 1, Complaint, ¶20.

The Palm Beach Property has significant value to the Debtor's estate even after the alleged BOA loan is deducted.  Based upon consultation with Robert E. List Company, Inc., the Trustee's proposed sales agent, the Trustee believes the value of the Palm Beach Property to be not less than $7.5 million, and probably worth much more if marketed properly and effectively. DE 1, Complaint, ¶¶2, 21.

In his bankruptcy schedules, the Debtor claimed that the Palm Beach Property was exempt pursuant to Section 522(b)(3)(B) of the Bankruptcy Code [06-30009 DE 27, 359, 368, 1062 & 1226].   DE 1, Complaint, ¶22.

Upon the objections to the Debtor's claimed exemption of the Palm Beach Property by Greenlight Capital Qualified, L.P., Greenlight Capital, L.P., and Greenlight Capital Offshore, Ltd. [06-30009 DE 1143 & 1338], Trustee Springel [06-30009 DE 1178 & 1344], and Trustee Carroll [06-30009 DE 1343], plus additional objections, related pleadings, and a full trial, the Court entered a Memorandum Decision and Order on October 9, 2009 [DE 2613] (the "Exemption Order"), denying all of Debtor's claimed exemptions, including the Palm Beach Property.  DE 1, Complaint, ¶23.

## C.     Litigation to Recover Palm Beach Property as a Fraudulent Conveyance

On January 31, 2008, Trustee Springel commenced an adversary proceeding seeking to avoid the transfer of the Palm Beach Property from New ICC to the Prossers as a fraudulent conveyance.  See Springel v. Dawn Prosser, et al., Adv. Pro. No. 08-3002 (Bankr. D.V.I. Jan. 31, 2008).  The Petitioning Creditors and Trustee Carroll joined in the litigation asserting their own interests in the property.   DE 1, Complaint, ¶25.

On October 9, 2009, the Bankruptcy Court entered a "Memorandum Opinion, Report and Recommendations" recommending that this Court enter an order on summary judgment in favor of Trustee Springel avoiding the transfer of the Palm Beach Property to the Prossers and returning it to the New ICC estate [08-3002 DE 212]. To date, this Court has not acted with respect to the Bankruptcy Court's recommendation. Thus, the property continues to be titled in the names of the Debtor and Defendant, as husband and wife. DE 1, Complaint, ¶26.

D.    **The Underlying Adversary Proceeding**

On March 17, 2010, Trustee Carroll commenced the underlying adversary proceeding under 11 U.S.C. § 363(h) and Bankruptcy Rule 7001(3), in order to obtain a judgment against Dawn Prosser authorizing Trustee Carroll to sell the Defendant's interest in the real property located at 252 El Bravo Way, Palm Beach, Florida 33480 (the "Palm Beach Property") along with the Debtor's interest, subject to the Defendant's right of first refusal under 11 U.S.C. § 363(i). DE 1, Complaint.

The instant proceeding is intended to liquidate the Palm Beach Property in accordance with Trustee Carroll's duties regardless of whether the New ICC estate is ultimately determined to be the beneficial owner. It is intended that the Palm Beach Property be sold and that the net proceeds of the sale of the Palm Beach Property be set aside and preserved in a segregated account either with the Bankruptcy Court, or an approved independent escrow agent, reserving any and all rights and claims of any parties, including Trustee Carroll, Dawn Prosser, Trustee Springel, and the Greenlight Entities. If this matter continues and the Prossers continue to occupy the property rent-free, Trustee Carroll believes that the equity in the home will be completely consumed and it will eventually lose its value entirely. It is improper to allow the Prossers the benefit of a second luxury home at the expense of the creditors of this estate and/or New ICC's estate. DE 1, Complaint, ¶27.

6

The Debtor's estate has a significant interest in the Palm Beach Property, and accordingly, Trustee Carroll must liquidate that interest for the benefit of the estate's creditors in accordance with Trustee Carroll's duties under the Bankruptcy Code.

Contemporaneously with the filing of the complaint, Trustee Carroll filed a motion for the expedited entry of an order granting summary judgment in his favor with respect to this complaint seeking authority to sell Dawn Prosser's interest in the Palm Beach Property subject to her rights of first refusal. DE 2. Dawn Prosser did not answer Trustee Carroll's complaint, and did not substantively respond to the motion. DE 32, Summary Judgment Order, p. 2.

On May 14, 2010, the Bankruptcy Court entered the Summary Judgment Order and Judgment from which Dawn Prosser now appeals. DE 32, Summary Judgment Order. The order does not immediately allow Trustee Carroll to sell the Palm Beach Property, but rather allows Trustee Carroll to market the property and reserves for later determination whether the factors of 11 U.S.C. § 363(h) are satisfied with respect to an actual sale. DE 32, Summary Judgment Order, p. 4. More specifically, the Bankruptcy Court directed Trustee Carroll to file a motion to sell the Palm Beach Property once he has marketed the property and secured a signed sales agreement from a prospective buyer and a specified earnest money deposit. DE 32, Summary Judgment Order, p. 6.

## III.    Argument

To summarize, Dawn Prosser argues that: (i) the Bankruptcy Court erred in the Exemption Order denying all of Debtor's claimed exemptions, including the Palm Beach Property; (ii) the Bankruptcy Court was wrong, in numerous respects, in its October 9, 2009, "Memorandum Opinion, Report and Recommendations" recommending that this Court enter an order on summary judgment in favor of Trustee Springel avoiding the transfer of the Palm Beach Property to the Prossers and returning it to the New ICC estate (the "Report and

7

Recommendation") [08-3002 DE 212]; (iii) Trustee Carroll cannot sell the Palm Beach Property

because it is owned by the Prossers as tenants by the entirety; and (iv) a sale of the Palm Beach

Property would violate 11 U.S.C. § 363(h).  Each of these arguments is either premature or flat

wrong.

        **A.**        **Trustee Carroll Can Sell the Palm Beach Property Free and Clear of Defendant's Interest Pursuant to 11 U.S.C. § 363(h); The Entireties Exemption Was Properly Denied and Summary Judgment Was Appropriate**

The Debtor claimed that his interest in the Palm Beach Property was exempt, and thus,

outside the reaches of Trustee Carroll and the Debtor's creditors, pursuant to Section

522(b)(2)(B) of the Bankruptcy Code and Florida common law.   However, the Debtor's

exemptions, including that claimed on the Palm Beach Property, were denied by this Court in the

Exemptions Order because, among other reasons, the Debtor lied on his schedules, blatantly

disregarded his obligations as a debtor, and intentionally delayed and abused the bankruptcy

process.  Exemptions Order, p. 72.   The appeal regarding Bankruptcy Court's disallowance of

Debtor's claimed exemptions is presently pending before this Court (App. No. 09-147).

The Exemptions Order has not been reversed, and neither this Court nor any other court

has granted the Prossers a stay of the Exemptions Order.  No matter how much the Prossers may

disagree with the Exemptions Order, it must be heeded unless and until an appellate Court says

otherwise.  This appeal is not the proper vehicle by which to challenge the Exemptions Order.

Indeed, the claimed entireties exemption was inapplicable independent of the Debtor's

abuse of the bankruptcy process.  The Palm Beach Property is not exempt under Florida law (as

applied by Bankruptcy Code § 522(b)(3)(B)) because at least one creditor holds a joint debt

against Mr. and Mrs. Prosser.  Section 541(a)(1) of the Bankruptcy Code provides that a debtor's

estate includes "all legal or equitable interests of the debtor in property as of the commencement

of the case."  11 U.S.C. § 541(a)(1).

Section 363(h) of the Bankruptcy Code provides as follows:

Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if –

(1)    partition in kind of such property among the estate and such co-owners is impracticable;

(2)    sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3)    the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4)    such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h).  Section 363(h) allows the Trustee to sell property owned in a tenancy by the

entireties provided the requirements therein are met.  Geddes v. Livingston (In re Livingston),

804 F.2d 1219, 1223 (11th Cir. 1986); Brown v. Phillips (In re Phillips), 379 B.R. 765, 795

(Bankr. N.D.Ill. 2007).  Those requirements are met in this case.

The Palm Beach Property is not exempt under Florida law (as applied by Bankruptcy

Code § 522(b)(3)(B)) because at least one creditor holds a joint debt against Mr. and Mrs.

Prosser.  Grant v. Himmelstein, (In re Himmelstein), 203 B.R. 1009, 1012 (Bankr. M.D. Fla.

1996) (citing Kosto v. Lausch (In re Lausch), 16 Bankr. 162, 165 (M.D. Fla. 1981) ("Under

Florida law, an interest in a property held as tenants by the entireties is a legal or equitable

interest as required by 11 U.S.C. § 541."))).  In Florida, entireties property is exempt for the

purposes of satisfying debts owed to individual creditors of either spouse; however, "entireties

property is not exempt from process to satisfy joint debts of both spouses" under Section

9

522(b)(3)(B) of the Bankruptcy Code.  In re Monzon, 214 B.R. 38, 41 (Bankr. S.D. Fla. 1997)

(emphasis added).

Accordingly, any interest in real property that the Debtor holds with a spouse as tenancy

by the entirety is subject to administration by a trustee if a joint debt exists between the spouses:

> To the extent that the debtor and his spouse were jointly liable on debts at the time
> of the filing of the petition to creditors who could have levied on the entireties
> property pursuant to Florida law, the Court holds that all property in which the
> debtor has an interest in as a tenant by the entireties is declared to be property of
> the estate and subject to administration by the trustee under § 363(h) of the
> Bankruptcy Code.

In re Kimmel, 131 B.R. 223, 228 (Bankr. S.D. Fla. 1991).  See also In re Amici, 99 B.R. 100,

103 (Bankr. M.D. Fla. 1989); In re Schwartz, 362 B.R. 532, 535 (Bankr. S.D. Fla. 2007); Beal

Bank v. Almand and Assoc., 780 So. 2d 45, 53 (Fla. 2001).

After the Palm Beach residence was transferred to Mr. and Mrs. Prosser, they took out a

loan on that property.  TR 8/25/08: p. 162 l. 21 through p. 163 l. 15.  Title to the Palm Beach

property is in both Mr. and Mrs. Prosser's name and they were both on loans received from Bank

of America that were secured by the Palm Beach property. TR 8/25/08: p. 261, l. 21 through p.

262, l. 25. Trial exhibit TE 34 is the mortgage with Bank of America on the Palm Beach

Property dated May 12, 2000, and this document is signed by both Mr. and Mrs. Prosser. TR

8/25/08: p. 263, ll. 9-20, TT 34; TE 42.  Trial exhibit TT 35 is a $3 million mortgage that Mr.

and Mrs. Prosser took out on the Palm Beach property, and this document was signed by both

spouses. TR 8/25/08: p. 263, ll. 21-25, p. 264, ll. 1-4, TT 35; TE 43.

The mortgages detailed in trial exhibits TT 34 and TT 35 were refinanced into a third

mortgage totaling $5 million with Bank of America, and this new mortgage was signed by both

Mr. and Mrs. Prosser.  TR 8/25/08: p. 264, ll. 5-22, TE 45; TT 37.  There are amounts owing on

the refinanced $5 million dollar mortgage with Bank of America.  TR 6/12/08: p. 198, ll. 1-3.

10

Because Mr. and Mrs. Prosser are both signatories on the 2005 Mortgage with Bank of America, which mortgage has not yet been completely paid off, they hold a joint debt, and thus, the Palm Beach Property is not exempt.[3]

### B. The Bankruptcy Court Correctly Found That Partition of the Palm Beach Property Among the Estate and Defendant is Impracticable – 11 U.S.C. § 363(h)(1)

The Palm Beach Property is a single family residence. DE 32, Summary Judgment Order, p. 3. Courts agree that where property is a single family residence, there is no practicable manner of partition other than a sale and division of the proceeds. Neylon v. Addario (In re Addario), 53 B.R. 335, 338 (Bankr. D. Mass.); Bakst v. Griffin (In re Griffin), 123 B.R. 933, 935 (Bankr. S.D.Fla. 1991) (citing Morris v. Ivey (In re Ivey), 10 B.R. 230 (Bankr. N.D.Ga. 1981)) ("[P]artition of [a] marital home is impracticable; no buyer is likely to purchase a partial interest in a residence where others live."). The Bankruptcy Court thus correctly found that partition is impracticable under Section 363(h)(1).

### C. The Bankruptcy Court Correctly Found That the Sale of the Estate's Undivided Interest in the Palm Beach Property Would Realize Significantly Less Than the Sale Free and Clear of the Defendant's Interest – 11 U.S.C. § 363(h)(2)

It is both logical and generally accepted by courts that the sale of a bankruptcy estate's undivided interest will generate substantially less than the sale free of each owner's interest, because of the chilling effect that the sale of the undivided interest has on prospective purchasers

---

[3] The foregoing citations are to the record in the fraudulent transfer trial before the Bankruptcy Court, and are added here as background. The Bankruptcy Court questioned the quality of the Prossers' title in the Palm Beach Property in its Report and Recommendation and concluded that the property was fraudulently conveyed to the Prossers. If the Bankruptcy Court is correct in its Report and Recommendation (neither the Prossers nor Trustee Carroll are conceding this point), then the alleged tenancy by the entireties is avoided. See Havoco of America, Ltd. v. Hill, 197 F.3d 1135, 1139 (11th Cir. 1999); Thomas J. Konrad & Assoc., Inc. v. McCoy, 705 So.2d 948 (Fla,Dist.Ct.App. 1998); Valdivia v. Valdivia, 593 So.2d 1190, 1192 (Fla.Dist.Ct.App. 1992).

Until the fraudulent conveyance issue is resolved by the District Court, Trustee Carroll proposes to retain the net proceeds in a suitable escrow account pending conclusion of the District Court action and resolution of all other competing claims to the proceeds. In any event, this is not a basis to stay the Summary Judgment Order.

11

of the property.  Maxwell v. Barounis (In re Swiontek), 376 B.R. 851, 866 (Bankr. N.D.Ill. 2007)

(court took judicial notice that a sale of the estate's undivided one-half interest would realize

substantially less than a sale of the property free of the interest of the co-owner);  Bakst v.

Griffin, 123 B.R. at 935-36; Brown v. Phillips, 379 B.R. at 796 (court took judicial notice of the

"economic reality").  The Bankruptcy Court thus correctly found that a sale free and clear of

Dawn Prosser's interest was appropriate under Section 363(h)(2).[4]

### D.    Dawn Prosser Mischaracterizes the Relief the Bankruptcy Court Awarded

Dawn Prosser casts her appeal as if the Summary Judgment Order allows for a sale

without further action by Trustee Carroll or approval from the Bankruptcy Court.  It does not.

The Bankruptcy Court's Order Denying Stay clearly explains that the Summary Judgment Order

addresses marketing only, and not an actual sale, of the Palm Beach Property:

> This is not a motion by the estate to sell the Palm Beach property.  Rather, it is a
> determination that the Trustee can begin a marketing effort that include both the
> estate's interest in the property as well as the alleged co-owner's (i.e., Mrs.
> Prosser's) interest.

DE 67, Order Denying Motion to Stay, p. 3.  Indeed, the Summary Judgment Order says as

much.  DE 32, pp. 3-6.

Dawn Prosser's argument that the Bankruptcy Court violated § 363(h) with an anticipated

sale is therefore misplaced.  Nothing yet authorized by the Bankruptcy Court constitutes an

actual sale of any interest Dawn Prosser claims in the Palm Beach Property.  The Bankruptcy

Court expressly reserved issues outside of the four corners of the Summary Judgment Order for

determination at the sale hearing, when Trustee Carroll brings a buyer ready, willing and able to

---

[4] The Bankruptcy Court postponed until a hearing regarding an actual sale the determination of whether the benefit
to the estate of the sale of the Palm Beach Property free of Dawn Prosser's interests outweighs any detriment to her
under 11 U.S.C. § 363(h)(3).  There is no issue on appeal that the Palm Beach Property is not used in the production,
transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power under
11 U.S.C. § 363(h)(4).

purchase the Palm Beach Property.  That has not yet occurred, no small part because the Prossers continue in their efforts to thwart the marketing of the Palm Beach Property.

**E.    Dawn Prosser's Reliance On Marathon is Misplaced**

Dawn Prosser argues that the Bankruptcy Court's actions are at odds with the Supreme Court's decision in Northern Pipeline Const. Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982) and the Fifth Circuit's decision in Baumgart v. Fairchild Aircraft Corp., 981 F.2d 824 (5th Cir. 1993).  The cited cases do not apply to Dawn Prosser's appeal, for two reasons.

First, Marathon and Baumgart, and the statutory revisions cited in the latter, merely indicate that the Bankruptcy Court must follow the "report and recommendation" procedure for non-core proceedings.  Baumgart, 981 F.2d at 831 fn 7 ("Section 157(b)(5) was drafted to limit the bankruptcy court's authority to so-called 'core proceedings,' a term coined in Marathon to refer to "'the restructuring of debtor-creditor relations.'").  The Bankruptcy Court has always retained jurisdiction to act in core proceedings, and orders approving the sale of property are quintessentially "core" under 28 U.S.C. § 157(b)(2)(N).

Second, the Summary Judgment Order merely allows Trustee Carroll to market the Palm Beach Property.  The Bankruptcy Court expressly reserved for a future hearing—after a potential buyer is found—the determination of whether the Section 363(h) factors are established for an actual sale of the Palm Beach Property.  Further, neither of the cited cases or any other authority proffered by Dawn Prosser specifically holds that the Bankruptcy Court lacked jurisdiction to rule in the manner it did.

**IV.    Dawn Prosser's "Necessary Party" Argument Misses the Mark**

Dawn Prosser argues that the Bankruptcy Court erred by not dismissing the underlying adversary proceeding because it lacked Debtor and the mortgagee as purported necessary parties. In the first instance, Dawn Prosser waived this argument for appeal by failing to raise it with the

13

Bankruptcy Court.  Further, by effect of the Exemptions Order, the Debtor's interest in the Palm Beach Property belongs to the estate, and is under the purview of Trustee Carroll.  Debtor is no more than a houseguest of his wife.  The cases cited by Dawn Prosser regarding Debtor's possessory interest in the Palm Beach Property do not render Debtor a necessary party; none of those cases involved disallowed exemptions.

With respect to the mortgagee, there is no suggestion that Bank of America sought to intervene in the underlying adversary, nor has Bank of America protested its absence in this case. More importantly, Dawn Prosser fails to claim, much less articulate, how any harm resulted from the purported error.

## V.    Conclusion

The Prossers are jobless and cannot afford the Palm Beach Property, which costs over $41,500 per month to maintain.  Nonetheless, the Prossers seek to remain in the Palm Beach Property, a multi-million luxury estate, for as long as possible without paying a dime to service the mortgage, pay property taxes, or insure the property, while letting those costs and expenses consume the property's equity and value that would otherwise be available for creditors.  If the Prossers have their way, when they are inevitably removed from the Palm Beach Property, there will not be one penny left for their creditors.

In this appeal, Dawn Prosser offers no basis to overturn the Bankruptcy Court's Summary Judgment Order.  Notwithstanding Dawn Prosser's arguments, the Summary Judgment Order merely allows Trustee Carroll to market the Palm Beach Property and secure a buyer for a transaction subject to the Bankruptcy Court's subsequent approval.  Accordingly, Trustee Carroll requests that this Court reject Prosser's appeal and affirm the Bankruptcy Court.


Date:  September 2, 2010                    Respectfully submitted,

                                           /s/ Samuel H. Israel
                                           Samuel H. Israel
                                           Fox Rothschild LLP
                                           2000 Market Street, 20th Floor
                                           Telephone: (215) 299-2000
                                           Facsimile: (215) 299-2150
                                           Email:  sisrael@foxrothschild.com

                                           and

                                           Bernard C. Pattie
                                           Law Offices of Bernard C. Pattie, P.C.
                                           1244 Queen Cross Street, Suite 5
                                           Christiansted, U.S. Virgin Islands 00820
                                           Telephone: (340) 692-7717
                                           Facsimile: (340) 692-7719
                                           Email:  boinie@compuserve.com
                                                   paralegal.bcppc@vipowernet.net

                                           Attorneys for James P. Carroll, Chapter 7 Trustee of
                                           the Estate of Jeffrey J. Prosser

## CERTIFICATE OF SERVICE

I certify that on September 2, 2010, a copy of the foregoing was filed using the Court's

ECF system, which will send notice and a copy to the following:


Michaela C. Crocker
Vinson & Elkins L.L.P.
Dallas, TX 75201-2975
214-220-7787
214-999-7787 (fax)
mcrocker@velaw.com

Jeffrey B.C. Moorhead
Jeffrey B.C. Moorhead, P.C.
CRT Brow Building
1132 King Street Ste. 3
St. Croix, VI  00820
340-773-2539
340-773-8659 (fax)
jeffreymlaw@yahoo.com


                              /s/ Samuel H. Israel