**THE UNITED STATES DISTRICT COURT**
**FOR THE UNITED STATES VIRGIN ISLANDS**

| | | |
|---|---|---|
| In re: | ) | Bankr. Case No. 06-30009 (JKF) |
| | ) | |
| JEFFREY J. PROSSER, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| JAMES P. CARROLL, as Chapter 7 | ) | Adv. Proc. No. 10-3002-JKF |
| Trustee of the Estate of Jeffrey J. Prosser, | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | D.C. App. Civil No. 2010-59-WAL-RM |
| | ) | |
| v. | ) | |
| | ) | |
| DAWN PROSSER | ) | |
| | ) | |
| Defendant/Appellee | ) | |
| | ) | |

**CHAPTER 7 TRUSTEE'S MOTION TO DISMISS APPEAL**

**I.    INTRODUCTION**

The appeal before the Court is from the first in a series of orders issued by the
Bankruptcy Division of the District Court for the District of the Virgin Islands, which authorized
the Chapter 7 Trustee of the bankruptcy estate of Jeffrey J. Prosser to sell certain real property
co-owned by the Debtor and Dawn Prosser, pursuant to Section 363(h) of the United States
Bankruptcy Code.  The order at issue authorized the Chapter 7 Trustee to take all appropriate
action to market the real property, sign up a prospective buyer and hold an auction, but then
return to the Bankruptcy Court and seek further approval to consummate a sale.

Following the entry of that initial order, Dawn Prosser sought and was denied a stay
pending appeal.  The Bankruptcy Court subsequently issued a second order authorizing the

Chapter 7 Trustee to consummate a sale of the real property. Dawn Prosser then sought a stay of the sale pending appeal of that order, but did not receive one. Ultimately a closing occurred on the sale of the real property to the highest bidder.

Because the Appellant failed to obtain a stay pending appeal, and the closing on the sale of the property has long since occurred, the instant appeal is statutorily and equitable moot. *See e.g.* 11 U.S.C. § 363(m). Indeed, this Court has previously so ruled in the context of another appeal in the Prosser bankruptcy case. *See* Memorandum Opinion, 3:09-cv-00147-CVG-RM, DE 39, at n. 4. Accordingly, and for the reasons more fully set forth below, this appeal should be dismissed.

I.    <u>**FACTUAL BACKGROUND**</u>

On July 31, 2006, Jeffrey J. Prosser filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code. *See In re Jeffrey Prosser*, Case No. 06-30009 (Bankr. D.V.I.). By order dated October 3, 2007, the Bankruptcy Court converted the case to one under chapter 7 of the Bankruptcy Code [06-bk-30009, DE 865] and, on October 31, 2007, James P. Carroll was appointed the Chapter 7 Trustee.

The Chapter 7 Trustee and several other creditors filed objections to the exemptions listed by the Debtor in his bankruptcy schedules. Following a multi-day trial on those objections, on October 9, 2009, the Bankruptcy Court issued a Memorandum Opinion denying all of the Debtor's exemptions. [06-bk-30009, DE 2613].

On March 17, 2010, the Chapter 7 Trustee initiated an adversary proceeding seeking authority to sell certain real property located at 252 El Bravo Way, Palm Beach, Florida (hereafter, the "Palm Beach Property"), which was co-owned at the time by the Debtor and Dawn Prosser, pursuant to Section 363(h) of the Bankruptcy Code, 11 U.S.C. § 363(h). *See*

*James P. Carroll v. Dawn Prosser, et al.*, 10-ap-3002 (JKF) (DE 1).  Subsequently, the Bankruptcy Court issued a Order granting summary judgment in favor of the Chapter 7 Trustee. [10-ap-3002, DE 32].  Specifically, the Bankruptcy Court found that the "Trustee had met the requirements of section 363(h) of the Bankruptcy Code [11 U.S.C. § 363(h)] with respect to the Palm Beach Property, and allowing Trustee to market the Palm Beach Property free of [Dawn Prosser's] alleged interests is proper; whether the element of § 363(h)(3) is met for an actual sale will be determined at a hearing regarding the sale." *Id.* at p. 4.  Accordingly, the Bankruptcy Court authorized the Trustee to take all appropriate action to market the real property, obtain a bidder, hold an auction and, return to the court to seek approval to consummate the sale transaction.  *Id.* at pp. 4-6 (hereafter, this order is referred to as the "Marketing Order").

Following entry of the Marketing Order, Dawn Prosser initiated this appeal by the filing of a Notice of Appeal.  Dawn Prosser then filed a motion for stay pending appeal in the Bankruptcy Court [10-ap-3002, DE 37], which was subsequently denied.  [10-ap-3002, DE 67]. On July 26, 2010, Dawn Prosser filed a motion for stay pending appeal in this Court.  [2010-cv-00059, DE 6].  Dawn Prosser then filed additional motions for stay pending appeal on September 27, 2010 and November 8, 2010.  [2010-cv-00059, DE 19, 21, 22].  On March 31, 2011, this Court denied one of the motions for stay as moot [2010-cv-00059, DE 32] and on April 1, 2011, this Court denied the other motions for stay without prejudice.  [2010-cv-00059, DE 33].

Following Chapter 7 Trustee's marketing of the Palm Beach Property and the execution of an agreement of sale by a prospective bidder, the Chapter 7 Trustee initiated a separate adversary proceeding by the filing of a complaint, seeking authority to consummate the sale of the Palm Beach Property.  *See James P. Carroll, Chapter 7 Trustee v. Dawn Prosser, et al.*, Adv.

No. 11-3001 (DE 1).[1]  Subsequently, the Chapter 7 Trustee filed a *Motion for Order (I) Approving the Sale of the Property at 252 El Bravo Way, Palm Beach, Florida (hereafter, the "Palm Beach Property") Pursuant to a Certain Contract of Sale, to the Party that Submits the Highest and Best Offer; (II) Authorizing the Chapter 7 Trustee to Take All Reasonable Steps to Complete the Sale of the Palm Beach Property, (III) Directing the Prosser's to Vacate the Palm Beach Property, and (IV) Granting Related Relief* (hereafter, the "Sale Motion"). [11-ap-3001, DE 2].  Following an evidentiary hearing held on March 1, 2011, the Bankruptcy Court issued a *Memorandum Opinion in Support of Interim Order Setting Alternative Closing Dates Depending Upon Terms of Final Order to be Entered Confirming Sale*, among other things, granting the Chapter 7 Trustee authority to sell the Palm Beach Property, and giving Mrs. Prosser until March 8, 2011, to exercise her right of first refusal under Section 363(i) of the Bankruptcy Code.  [11-ap-3001, DE 46].

Mrs. Prosser failed to timely exercise her right of first refusal under Section 363(i) and, hence, the Bankruptcy Court entered the Order Confirming Sale on March 10, 2011, [11-ap-3001, DE 65] through which the Court confirmed the sale of the Palm Beach Property to the buyer, PB Purchase, LLC.  Pursuant to the Order Confirming Sale, PB Purchase was required to close on or before April 30, 2011, and, if it failed to close, the second highest bidder was given until May 31, 2011, to close.  *Id.*

Thereafter, the Prossers filed a Notice of Appeal of the Memorandum Opinion and the Order Confirming Sale, initiating a new appeal to this Court, which was docketed as *James P. Carroll, Chapter 7 Trustee v. Dawn Prosser, et al.*, App. Civil No. 2011-34.  The Prossers then filed a motion for stay pending appeal in the Bankruptcy Court and the Bankruptcy Court

---

[1] Bank of America, the mortgagee of the Palm Beach Property, was named as a nominal defendant in that adversary proceeding.  The Debtor, Jeffrey Prosser, was granted the right to intervene as a party defendant.  *Id.* (Dkt. No. 24).

scheduled a hearing for April 1, 2011. Following that hearing, the Bankruptcy Court issued an Order continuing a stay until April 8, 2011 and vacating the stay thereafter unless the Prossers posted a $7.71 million cash or surety bond. [11-ap-3001, DE 95, p. 9].

The Prossers then returned to this Court, filing several motions for stay of the sale of the Palm Beach Property in the appeal docketed at App. Civil No. 2011-34. [2011-cv-00034, DE 3, 12, and 30]. This Court entered an order staying the closing of the sale from April 30, 2011 to May 2, 2011, and ordered expedited briefing on the Appeal. [2011-cv-00034, DE 19].

Following the filing of the parties' appeal briefs, on May 2, 2011, the Court issued a docket text entry further staying the closing until June 24, 2011, without the need for the Prossers to post an appeal bond. [2011-cv-00034, DE 32].

On May 4, 2011, the Chapter 7 Trustee moved for reconsideration of the May 2, 2011 text entry stay order, requesting that the Court either reconsider its ruling and vacate the stay, or require the Prossers to post the bond required by the Bankruptcy Court, pursuant to Fed. R. Civ. P. 62(d), to protect the Chapter 7 Trustee from irreparable harm [2011-cv-00034, DE 33]. With a fast approaching closing deadline of May 16, 2011, the Chapter 7 Trustee requested expedited consideration of his motion for reconsideration.

When no decision on the motion for reconsideration was forthcoming, on May 10, 2011, the Chapter 7 Trustee filed a Petition for Writ of Mandamus (the "Writ") (Case No. 11-2233) in the Third Circuit Court of Appeals, requesting that the Third Circuit issue a writ of mandamus directing the District Court to (1) vacate the text entry stay order or, in the alternative (2) enter an order requiring the Prossers to post a $7.71 million cash or surety bond. On May 12, 2011, the Third Circuit ordered the Prossers to file a response to the Writ by 3:30 pm the same day, which the Prossers did.

Later on May 12, 2011, the Third Circuit entered an order (the "Third Circuit Order") granting the Chapter 7 Trustee's Writ of Mandamus, attached hereto as Exhibit "A." The Third Circuit Order granted the relief requested by the Chapter 7 Trustee, and required the Prossers to post a supersedeas bond in the amount of $7.71 million by 12:00 noon on May 13, 2011 and stated that "in the absence of posting a bond in the full amount by 12:00 noon on May 13, 2011, the District Court's May 2, 2011 text entry order will be vacated and the sale of [sic] the Palm Beach property may go forward on Monday, May 16, 2011, as previously scheduled." *Id.*

The Prossers failed to file a supersedeas bond in the amount of $7.71 million by 12:00 noon on May 13, 2011. Instead, the Prossers filed certain documents which they called a "Supersedeas Bond" but which did not, in fact, constitute a bond at all. Rather, the filing made by the Prossers asks the District Court to accept as a substitute for a supersedeas bond the pledging of a quit claim deed on the Palm Beach Property to the District Court and the pledging of a so-called first priority mortgage on real property known as Anna's Hope. [DE 36].

With the Prossers failing to acknowledge that the stay on the closing had been lifted by the Third Circuit's Order, and concerned that the Prossers would not voluntarily vacate the Palm Beach Property on May 16, 2011, the date of the scheduled closing, on the afternoon of Friday, May 13, 2011, the Chapter 7 Trustee filed with the Bankruptcy Court an *Emergency Motion for an Order (1) Authorizing the Chapter 7 Trustee to Secure the Real Property Located at 252 El Bravo Way, Palm Beach, Florida 33480 and (2) Authorizing the Eviction of the Prossers by the U.S. Marshals Service from the Real Property Located at 252 El Bravo Way, Palm Beach, Florida 33480 on May 16, 2011 No Later than 12:00 Noon* [11-ap-3001, DE 128]. Thereafter, the Bankruptcy Court entered an *Order (1) Authorizing the Chapter 7 Trustee to Secure the Real Property Located at 252 El Bravo Way, Palm Beach, Florida 33480 and (2) Authorizing the*

*Eviction of the Prossers by the U.S. Marshals Service from the Real Property Located at 252 El Bravo Way, Palm Beach, Florida 33480 on May 16, 2011 No Later than 12:00 Noon* (11-ap-3001, DE 130), granting the Chapter 7 Trustee's motion and, in doing so, recognized that the documents filed by the Prossers in this Court did not constitute a supersedeas bond in compliance with the Third Circuit's Order. The Bankruptcy Court authorized the U.S. Marshal Service to evict the Prossers from the Palm Beach Property if they had not vacated by 12:00 p.m., Monday, May 16, 2011, to permit the closing on the Palm Beach Property to take place. *Id.*

The Prossers voluntarily vacated the premises on the morning of Monday, May 16, 2011 and, on the afternoon of May 16, 2011, the closing on the Palm Beach Property occurred and the property was transferred to PB Purchase LLC. *See* Settlement Statement attached as Exhibit "B." Finally, on January 6, 2012, this Court issued a ruling on the appeal of the Bankruptcy Court's denial of Debtor's exemptions. *See* 09-cv-00147, DE 39. Although the Court remanded to the Bankruptcy Court for further findings as to exemptions claimed for certain real property, it did not do so with respect to the Palm Beach Property. Rather, in regard to the Palm Beach Property, this Court noted:

> The real property located at 252 El Bravo Way, Palm Beach, Florida (the "Palm Beach Property") is not subject to reconsideration. That property was sold on May 16, 2011. Where such conditions exist, a finding of mootness is warranted. *See Krebs Chrysler-Plymouth, Inc. v .Valley Motors, Inc.*, 141 F.3d 490, 500 (3d Cir. 1998) (holding that where an asset is sold after an appeal is filed regarding that asset and there is 1) a "good faith" purchaser, 2) no stay pending appeal, and 3) a requested relief which would affect the validity of the sale, an appeal is statutorily moot as to that asset) (citing 11 U.S.C. § 363(m).

[09-cv-00047, DE 39, at n. 4].

For reasons more fully set forth below, because the Prossers failed to obtain a stay pending appeal, the closing on the sale of the Palm Beach Property has now taken place, and this Court has already recognized that the appeals relating to the Palm Beach Property are moot, this appeal should be dismissed by operation of 11 U.S.C. § 363(m) and the equitable mootness doctrine recognized in the Third Circuit.

## II.    ARGUMENT

### A.    The Appeal Is Moot Pursuant To 11 U.S.C. § 363(m).

This appeal – from the order of the Bankruptcy Court authorizing the Chapter 7 Trustee to market the Palm Beach Property, has been mooted by operation of Section 363(m) of the Bankruptcy Code. Section 363 of the Bankruptcy Code "authorizes the trustee to use, sell or lease property of the estate outside of the ordinary course of business and after providing notice and hearing." *Cinicola, et al. v. William J. Scharffenberger, et al.*, 248 F.3d 110, 121 (3d Cir. 2001). Moreover, in order "[t]o promote certainty and finality in bankruptcy sales, § 363(m) [of the Bankruptcy Code] prohibits the reversal of a sale to a good faith purchaser of bankruptcy estate property if a party failed to obtain a stay of the sale." *Id.* Specifically, Section 363(m) states:

> The reversal or modification on appeal of an authorization … of a sale or lease of property does not affect the validity of a sale … under such authorization to an entity that purchased or lease such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). While Section 363(m) does not render an appeal moot *per se*, the Third Circuit "utilizes a two-pronged test for determining statutory mootness." *In re Global Products LLC*, 369 B.R. 770, 774 (D. Del. 2007). Under this test, an appeal of an order authorizing a sale or lease under Section 363 is deemed statutorily moot (and therefore subject to dismissal), if (1)

the underlying sale or lease was not stayed; and (2) reversing or modifying the authorization to sell or lease would affect the validity of the sale or lease. *Id. (citing Krebs Chrysler-Plymouth v. Valley Motors, Inc.,* 141 F.3d 490, 499 (3d Cir. 1998)); *Cinicola*, 248 F.3d at 122.

The Court followed this very holding in dismissing Appellant Dawn Prosser's appeal of the Bankruptcy Court's prior order granting the Chapter 7 Trustee the authority to sell her interest in the real property located at 89 Victor Herbert Road, Lake Placid, New York [08-ap-03009, DE 55]. Citing *Krebs*, this Court found that:

> Here, Prosser did not obtain a stay of either order allowing the sale of the Lake Placid Property. Further, since the second order was entered, the sale to the second buyers has closed. The relief that Prosser now seeks would invalidate that sale. As the Third Circuit noted in Krebs, that "remedy is not permitted by section 363(m)." Id. at 499.

3:08-cv-00113, DE 23, p. 6. A copy of the Lake Placid Sale Order is attached hereto as Exhibit "C."

Similar to the Lake Placid matter, in this case, both prongs of the mootness test are established. First, the Bankruptcy Court granted the Chapter 7 Trustee authority to sell the Palm Beach Property in the Memorandum Opinion and the Order Confirming Sale [3:11-ap-3001, DE 46 and 65] and, in doing so, determined that the Buyer was a good faith purchaser [3:11-ap-3001, DE 46, p. 8]. Following the Prossers' failure to post a supersedeas bond in the amount of $7.71 million by 12:00 noon on May 13, 2011 as required by the Third Circuit Order, the Prossers failed to obtain a stay of the sale pending appeal. As a result, and after obtaining another Order from the Bankruptcy Court authorizing the eviction of the Prossers and permitting the closing to occur, the Chapter 7 Trustee moved forward with the closing on the Palm Beach

Property to the Buyer, which took place on May 16, 2011.  *See* Settlement Sheet, Ex. "B".[2]

**B.     The Appeal Should Be Dismissed Under the Doctrine of Equitable Mootness**

The appeal should also be dismissed pursuant to the doctrine of "equitable mootness." Under the doctrine of equitable mootness as recognized in the Third Circuit, "[a]n appeal should … be dismissed as moot, even though effective relief could conceivably be fashioned, where implementation of that relief would be inequitable." *In re Genesis Health Ventures, Inc.*, 204 Fed. Appx. 144, 145 (3d Cir. 2006) (*quoting In re Continental Airlines*, 91 F.3d 553, 559 (3d Cir. 1996)).  In determining whether dismissal for equitable mootness is warranted in the context of an appeal from an order approving a plan of reorganization, the Third Circuit identified the following five factors: (1) whether the reorganization plan has been substantially consummated; (2) whether a stay has been obtained; (3) whether the relief requested would affect the rights of the parties not before the court; (4) whether the relief requested would affect the success of the plan; and (5) the public policy of affording finality to bankruptcy judgments. *Genesis Health Ventures, Inc.*, 204 Fed. Appx. at 145-46.

The foremost consideration is whether the reorganization plan has been consummated.  *In re PWS Holding Corp.*, 228 F.3d 224, 236 (3d Cir. 2000).  Moreover, it is incumbent on the appealing parties to obtain a stay where there is a "clear possibility" that their claims would become moot.  *Continental*, 91 F.3d at 566.  And, if the relief requested on appeal would jeopardize the success of the reorganization plan by causing its "reversal or unraveling," then dismissal of the appeal for equitable mootness is favored.  *See PWS Holding Corp.*, 228 F.3d at 236.  Finally, the public policy favoring the finality of bankruptcy judgments, although identified

---

[2] Any argument that the Prossers were able to post a supersedeas bond in the amount of $7.7 million should be rejected.  In fact, in granting the Order evicting the Prossers from the Palm Beach Property, the Bankruptcy Court recognized that the documents filed by the Prossers did not comply with the Third Circuit requirement to post a bond.

as a separate factor, in truth, provides the lens through which the other factors should be viewed. The equitable mootness doctrine has been applied to other types of Bankruptcy Court orders. *See TNB Fin., Inc. v. James F. Parker Interests*, 243 F.3d 228, 231-32 (5th Cir. 2001) (applying the equitable mootness analysis to the appeal of a surcharge order); *L.R.S.C. Co. v. Rickel Home Ctrs., Inc.*, 209 F.3d 291, 304-5 (3d Cir. 2000) (applying the equitable mootness analysis to the appeal of an order approving the assignment of a lease).

In this case, at least three of the factors weigh heavily in favor of dismissal of the appeal on mootness grounds. First, the authorization set forth in the Bankruptcy Court's Memorandum Opinion and Order Confirming Sale has been carried out by the closing of the sale of the Palm Beach Property. *See Genesis Health Ventures, Inc.*, 204 Fed. Appx. at 145-46. Second, because the Prossers failed to post a $7.71 million supersedeas and did not obtain a stay pending appeal, there was a "clear possibility," as there is here, that their claims would become moot. *Continental*, 91 F.3d at 566. Indeed, the Prossers were well aware of the probability that their failure to obtain a stay pending appeal would render their appeal moot, as they made the very argument on several occasions in the Bankruptcy Court and in filings in this Court. Given that they were well aware of the possibility that the appeal could be rendered moot, they should have arranged to post a $7.71 million surety or cash bond to effectuate a stay pending appeal.

Lastly, the public policy affording finality to bankruptcy judgments supports dismissing the appeal. Here, the buyer of the Palm Beach Property closed over one year ago the purchase. To disturb the Bankruptcy Court's orders regarding the sale of Palm Beach Property at this late date would be both practically unfeasible and against public policy.

C.    **This Court Has Implicitly Ruled That This Appeal Is Statutorily Moot.**

As noted above, some seven months after the sale of the Palm Beach Property closed, this Court issued its ruling on the appeal of the Bankruptcy Court's order denying the Debtor his exemptions.  In remanding to the Bankruptcy Court for further fact finding as to certain real property exemptions, this Court noted that its remand did not apply to the Palm Beach Property because the prior sale of that property deemed the appeal statutorily moot.  [09-cv-00147, DE 39, n. 4].  Accordingly, as that ruling is law of the case, the instant appeal should be dismissed as statutorily moot, as well.

III.    **CONCLUSION**

For the reasons set forth above, the Chapter 7 Trustee respectfully requests that the Court grant the Motion to Dismiss in its entirety and dismiss this pending appeal.

Dated:    Philadelphia, Pennsylvania
          September 14, 2012            FOX ROTHSCHILD LLP


                                        /s/ *Samuel H. Israel*_____
                                        Yann Geron (Admitted *pro hac vice*)
                                        Samuel H. Israel (Admitted *pro hac vice*)
                                        William H. Stassen (Admitted *pro hac vice*)
                                        100 Park Avenue, 15th Floor
                                        New York, New York 10017
                                        Telephone: (212) 878-7900
                                        Facsimile: (212) 692-0940
                                        ygeron@foxrothschild.com
                                        wstassen@foxrothschild.com
                                        sisrael@foxrothschild.com

                                        -and-

/s/ *Bernard C. Pattie*
Bernard C. Pattie (V.I. Bar Id 262)
LAW OFFICES OF BERNARD C. PATTIE, P.C.
1244 Queen Cross Street, Suite 5
Christiansted, U.S. Virgin Islands 00820
Telephone: (340) 692-7717
Facsimile: (340) 692-7719
boinie@compuserve.com
paralegal.bcppc@vipowernet.net

*Attorneys for James P. Carroll, Chapter 7*
*Trustee of the Estate of Jeffrey J. Prosser*

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused the foregoing to Motion to Dismiss the Appeal to be served

on all parties on September 14, 2014 by filing the document in the Court's ECF filing system,

which gives e-mail notice to all attorneys of record.


*/s/ Samuel H. Israel*
Samuel Israel

14