DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| IN RE: JEFFREY J. PROSSER,<br><br>    Debtor.<br><br>JAMES P. CARROLL, AS THE CHAPTER 7 TRUSTEE OF THE ESTATE OF JEFFREY J. PROSSER,<br><br>    Plaintiff/Appellee,<br><br>    v.<br><br>DAWN PROSSER,<br><br>    Defendant/Appellant. | Civil Action No. 2010-0059 |

**Attorneys:**
**Bernard C. Pattie, Esq.,**
St. Croix, U.S.V.I.
**Samuel H. Israel, Esq.,**
Philadelphia, PA
**Yann Geron, Esq.,**
New York, NY
  *For Plaintiff/Appellee James P. Carroll, Trustee*

**Jeffrey B.C. Moorhead, Esq.,**
St. Croix, U.S.V.I.
  *For Defendant/Appellant Dawn Prosser*

## MEMORANDUM OPINION AND ORDER

**Lewis, Chief Judge**

  Dawn Prosser ("Appellant"), wife of Debtor Jeffrey J. Prosser ("Debtor"), appeals from an Order issued by the Bankruptcy Division of the District Court of the Virgin Islands. In the Order, the Bankruptcy Judge granted, in part, the Motion of James P. Carroll, Chapter 7 Trustee ("Trustee

Carroll") seeking authority to sell real property located in Palm Beach, Florida ("Palm Beach property") co-owned by Appellant and Debtor (collectively "the Prossers") as tenants by the entirety. (JP-1; Dkt. No. 1-1 at 2). In the Order, the Bankruptcy Judge only authorized Trustee Carroll to take steps to *market* the Palm Beach property—including both the Appellant's interest and the Bankruptcy Estate's interest therein. *Id.* at 3-4. Appellant timely appealed from the Bankruptcy Judge's Order in accordance with Bankruptcy Rule 8003 and 28 U.S.C. § 158. (Dkt. 1). Thereafter, the Trustee filed a Motion to Dismiss the Appeal as moot under 11 U.S.C. § 363(m). (Dkt. No. 36). Appellant did not respond to the Motion to Dismiss.

## I. BACKGROUND

### A. Bankruptcy Proceeding

Debtor Jeffrey J. Prosser, together with companies he controlled—Innovative Communication Company, LLC and Emerging Communications, Inc.—filed separate voluntary Chapter 11 bankruptcy cases in 2006 in the District of the Virgin Islands. These filings occurred after two involuntary bankruptcy petitions had been filed in Delaware in connection with the Debtor and his businesses. (JP-1; Dkt. No. 10-1 at 3-4). In October 2007, the individual Debtor's case was converted from a Chapter 11 proceeding to a Chapter 7 action. *Id.* at 4. James P. Carroll was ultimately appointed as the Chapter 7 Trustee of Debtor's Estate. *Id.*[1]

The Prossers were co-owners of parcels of real property on St. Croix and in Lake Placid, New York, as well as a home in Palm Beach, Florida. The title to the Palm Beach property was transferred from one of the Debtor's businesses in 2000 to the Prossers and held by them as tenants

---

[1] Stan Springel serves as the Chapter 11 Trustee for Emerging Communications, Inc. and Innovative Communication Company, LLC, and later for Innovative Communication Corporation. *See Prosser v. Springel*, 2008 WL 2368898, at *1 (D.V.I. June 6, 2008).

by the entirety. (JP-1; Dkt. No. 10-1 at 5).[2] Thereafter, the Prossers pledged the property as collateral for a loan from Bank of America. (*Id.*; JP-6; Dkt. No. 10-6 at 12-14). They continued to use the Palm Beach property, as well as their St. Croix homestead, after the bankruptcy action was filed. (JP-1; Dkt. No. 10-1 at 4-5).

In March 2010, Trustee Carroll filed an Adversary Proceeding against Appellant (Case No. 3:10-ap-3002) seeking an Order authorizing him to sell the Palm Beach property free and clear of her interest in that property. (Dkt. JP-110-1). Trustee Carroll claimed that the value of the Palm Beach property was diminishing as the Prossers were using the property without paying monthly mortgage payments, property taxes or insurance for the same. *Id* at 2. Trustee Carroll asserted that he was authorized to sell the property under 11 U.S.C. § 363(h) because of the joint debt that the Prossers placed on the property. *Id.* at 8-9. Trustee Carroll also requested that his claims be expedited asserting that time was of the essence and it was prime selling season for homes in the Palm Beach market. (JP-2; Dkt. No. 10-2 at 8). Appellant filed a "Resistance to Plaintiff's Motion for Expedited Entry of an Order Granting Summary Judgment" arguing that the matter was not an emergency and that it should be placed on the May 2010 omnibus calendar. (JP-4; Dkt. No. 10-4).

At a hearing on April 7, 2010, the Adversary Proceeding at issue was discussed at length. (JP-10; Dkt No. 10-10 at 43-66). During the hearing, the Bankruptcy Judge continued the issue until the May 2010 calendar and ordered that any responses to Trustee Carroll's motion be filed by April 20, 2010. The Bankruptcy Judge further stated that if there was no response "I will default matters." *Id.* at 59-61. Following the hearing, both Trustee Carroll and Trustee Springel filed additional briefs relating to the Palm Beach Property. (JP-11; JP-12; Dkt. Nos. 10-11; 10-12).

---

[2] Trustee Springel previously had commenced an adversary proceeding against the Debtor and Appellant claiming that the transfer of the property to them was a fraudulent conveyance. (JP-2; Dkt. No 10-2 at 7-8).

On the day of the May 2010 omnibus calendar hearing, Appellant filed a "Motion for Leave to File an Untimely Response" to Trustee Carroll's Adversary Action. (JP-14; Dkt. No. 10-14). Attached to Appellant's 3-page Motion to File an Untimely Response was a 3-1/2 page Motion to Dismiss in Lieu of an Answer to the Adversary Complaint. *Id.* The arguments made in Appellant's Motion to Dismiss—without much elaboration—were that Trustee Carroll failed to join the Debtor or Bank of America in the adversary proceeding even though they held interests in the property. In addition, Appellant asserted that the Palm Beach property was held by the Prossers as tenants by the entirety and that it could only be sold to satisfy a joint debt. *Id.* The Bankruptcy Court denied Appellant's Motions finding that they were untimely. (JP-16; Dkt. No. 10-16 at 1).

On the same date, the Bankruptcy Court granted Trustee Carroll's motion, in part, authorizing him to take steps to market the Palm Beach property including Appellant's undivided interest in the property. The Bankruptcy Order further provided that whether an actual sale would be authorized under 11 U.S.C. § 363(h)(3) would be determined at a later date based upon the information obtained from Trustee Carroll's marketing efforts. (JP-17; Dkt. No. 10-17 at 3-4).[3] The Bankruptcy Court also noted that Trustee Carroll could not file a motion to sell the property unless and until he had obtained a signed sales agreement from a prospective buyer and a payment of at least $200,000 which would be forfeited to the estate as a component of damages in the event of a buyer's default. *Id.* at 6.

---

[3] Title 11 U.S.C. § 363(h)(3) permits the trustee to sell both the bankruptcy estate's interest in property along with the interest of a co-owner with an undivided interest in the property, such as through a tenancy by the entirety, if (1) partition is impractical; (2) the sale of the estate's interest in the property would realize significantly less than the sale of the property free of the co-owner's interest; (3) the sale's benefit to the estate would outweigh any detriment to the co-owner; and (4) the property is not used for the production or distribution of electricity or natural gas for heat, light or power. 11 U.S.C. § 363(h).

Appellant timely filed her notice of appeal. (JP-19; Dkt. No. 10-19). She simultaneously filed a Motion to Stay the Bankruptcy Court's Order. (JP-21; Dkt. No. 10-21). Following a hearing, the Bankruptcy Court issued an Order denying Appellant's Motion to Stay, finding that she failed to establish the elements necessary for a stay of the proceedings. (JP-27; Dkt. 10-27 at 2-5). The Bankruptcy Judge emphasized that the instant Order did not grant a motion by the Trustee to sell the Palm Beach property and the appeal would not resolve whether the property will be sold. *Id* at 3. Finally, the Bankruptcy Judge held that she would reconsider the request for stay only if Appellant or the Prossers jointly posted a bond of $1 million to protect the value of the asset as a result of the monthly debt service on the outstanding loan on the property and the estimated time for an appeal. *Id.* at 4-5.

B. **District Court Proceeding**

Upon docketing of the instant appeal (the "Marketing Appeal") in the District Court, the case was originally assigned to Judge Curtis Gómez. Appellant filed a Motion to Stay similar to that filed and denied in the Bankruptcy Court. (Dkt. No. 6).[4] Judge Gómez thereafter denied that motion and several Supplemental Motions to Stay Trustee Carroll's marketing efforts. (Dkt. Nos. 21, 23, 26, 31, 32, 33).

In her appellate brief in the Marketing Appeal, Appellant asserts that: (1) the Bankruptcy Court erred in determining that Trustee Carroll could proceed with his efforts to market the Palm Beach property because the Prossers owned it as tenants by the entirety and it could only be sold for joint debts; (2) Trustee Carroll failed to establish that sale of the Palm Beach property would

---

[4] Appellant also filed a Petition for Writ of Mandamus with the Third Circuit Court of Appeals seeking to stay the Bankruptcy Order. (Dkt. No. 18). That Petition was denied by the Third Circuit. (Case No. 10-3807, Doc. 003110350315).

benefit the Debtor's bankruptcy estate; (3) the Bankruptcy Court erred in relying on its prior Memorandum Opinion and Report and Recommendations which had not yet been adopted or rejected by the District Court; (4) Trustee Carroll failed to join necessary parties to the litigation; and (5) the Bankruptcy Court failed to comply with 11 U.S.C. § 363(h). (Dkt. No. 9).

After this appeal was docketed in the District Court, Trustee Carroll carried out his marketing efforts. In early 2011, Trustee Carroll filed a separate Adversary Proceeding (Case No. 03:11-ap-3001) seeking an Order: authorizing the sale of the Palm Beach property, including Appellant's interest therein, subject to Appellant's right of first refusal; authorizing Trustee Carroll to take all reasonable steps to complete the sale; directing the Prossers to vacate the property; and directing Appellant to elect whether she would exercise her right of first refusal. (Case No. 3-11-cv-0034, Dkt. No. 1-1). After describing the terms of the sale and the amount to be distributed for the mortgage and tax liens, as well as the broker's commission and closing costs, Trustee Carroll reported that there would remain approximately $643,500 for distribution to creditors. *Id.* at 4-5. The Bankruptcy Court approved the sale, finding that Trustee Carroll used sound judgment; the sale was to a good faith buyer; and Trustee Carroll had satisfied all the requirements of 11 U.S.C. § 363(f) and (h) for the sale of the Palm Beach Property. The Bankruptcy Judge also determined that it would confirm the proposed sale if Appellant chose not to exercise her right of first refusal. (Doc. 43 at 15-22). An Order confirming sale was issued after the time expired for Appellant to exercise her right of first refusal. (Case No. 3:11-cv-0034, Dkt. No. 1-3).

The Prossers appealed the Bankruptcy Court's Judgment (the "Sale Confirmation Appeal"). The Prossers unsuccessfully attempted to stay the sale in that case before Judge Gómez and ultimately submitted a proposed supersedeas bond. (Case No. 3-11-cv-0034, Dkt. No. 36, 44). Shortly thereafter, the Marketing Appeal was transferred to the undersigned Judge, while Judge

6

Gómez continued to preside over the Confirmation Sale Appeal. Judge Gómez then granted a Motion to Dismiss the Appeal from the Bankruptcy Court's judgment confirming Trustee Carroll's sale of the Palm Beach property as moot in accordance with 11 U.S.C. § 363(m). *In Re Jeffery J. Prosser*, 2013 WL 951063, *5-6 (D.V.I. March 8, 2013) (Case No. 3:11-cv-0034, Dkt. No. 47.)

In the Marketing Appeal pending before this Court, Trustee Carroll filed a Motion to Dismiss the Appeal pursuant to 11 U.S.C. §363(m), the Bankruptcy Code's statutory mootness provision. (Dkt. No. 36). Appellant has filed no response to this Motion.

## II.  DISCUSSION

"The mootness doctrine defines constitutionally minimal conditions for the invocation of federal judicial power." *Brown v. Phila. Mun. Court*, 47 F. App'x 129, 130 (3d Cir. 2002). "A case is moot when 'the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Id*. (*quoting City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)). The heart of the mootness doctrine rests on the court's ability to grant effective relief in a dispute. *In re Richards*, 2013 WL 84850, at *2 (D.V.I. Jan. 8, 2013). If changes develop during the course of a case that prevent a Court from being able to grant the requested relief, the case must be dismissed as moot. *Donovan v. Punxsutawney Area School Bd.*, 226 F.3d 211, 216 (3d Cir. 2003). The "case or controversy" requirement extends throughout all stages of federal judicial proceedings—both at the trial and appellate levels. *Donovan*, 336 F.3d at 216; *see also Krebs Chrysler-Plymouth, Inc. v. Valley Motors*, 141 F.3d 490 (3d Cir. 1998) (dismissing the appeal as moot where sale had been closed).

In this appeal from the Bankruptcy Court's Marketing Order, the Appellant—a non-debtor co-owner—attempted to obtain a stay of the Order in both the Bankruptcy Court and the District Court, but was unsuccessful. (Dkt. Nos. 6, 21, 23, 26, 31, 33). Similar attempts to obtain a stay with the Third Circuit also failed. *In Re Dawn Prosser*, Case No. 10-3807, Doc. 003110350315 (3d Cir. Nov. 17, 2010).

This appeal is now moot because there is no longer a case or controversy before the Court. While this appeal was pending, Trustee Carroll completed his marketing efforts and obtained another Order from the Bankruptcy Court to sell the property based upon a negotiated purchase contract. That sale was consummated, approved by the Bankruptcy Court, and an appeal to the District Court was rejected. *In Re Jeffery J. Prosser*, 2013 WL 951063, *5-6. Thus, the Marketing Order has been superseded by the Property Sale Order, thereby negating the Court's ability to grant effective relief. The issues raised are therefore moot.[5]

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that the Trustee's Motion to Dismiss (Dkt. No. 36) is **GRANTED**; and it is further

---

[5] Because the Order subject to this appeal was from the Marketing Order and not an Order of sale, the Court declines to apply 11 U.S.C. § 363(m) as argued by Trustee Carroll. The Bankruptcy Code provides that the modification of a Bankruptcy Court's Order authorizing the *sale* or *lease* of property "does not affect the validity of a sale or lease" to the purchaser or lessor who obtained the interest in the property in good faith unless the Order authorizing the sale or lease was stayed pending the appeal. 11 U.S.C. § 363(m). *See In re Pursuit Capital Management, LLC*, 874 F.3d 124, 135 (3d Cir. 2017) (Section 363(m) statutorily moots the challenged Order for Sale if (1) the underlying sale was not stayed during the appeal and (2) the court, if reversing or modifying the authorization to sell, would affect the validity of the sale). Because the instant Order addresses the marketing—rather than the sale—of the property, the Court will apply the general mootness doctrine rather than the statutory mootness provision embodied in the Bankruptcy Code.

**ORDERED** that Appellant Dawn Prosser's appeal from the Bankruptcy Court's Marketing Order is **DISMISSED AS MOOT.**

**SO ORDERED.**

Date: March 8, 2021

                                                                                 /s/
                                                         WILMA A. LEWIS
                                                         Chief Judge